37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Richard FOWLER; Plaintiff-Appellant,
Michael Edward Altene; Gary English, Plaintiffs,
v.
Kenneth McGINNIS, Director of M.D.O.C., et al., Defendants-Appellees.
 No. 94-1468.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 Before: KENNEDY, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Richard Fowler, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive relief, Fowler and his co-plaintiffs sued multiple prison officials seeking the delivery of pornographic magazines. The plaintiffs did not allege in what capacity the state defendants were sued. The parties filed cross-motions for summary judgment. The district court granted summary judgment to the defendants and dismissed the case, the prison policy having been changed to permit receipt of the type of material in which the plaintiffs were interested. Only Fowler filed a timely notice of appeal.
 
 
 3
 On appeal, Fowler essentially argues that the district court erred: 1) in assuming that the controversy concerning the receipt of his pornographic material had been resolved; and 2) by permitting prison officials to restrict receipt of soft cover publications to publications sent by authorized vendors. In addition, Fowler contends that the district court improperly deprived him of oral argument and legal counsel. Fowler requests oral argument and appointed counsel on appeal.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Upon review, we conclude that the district court properly denied Fowler's request for injunctive relief. When a regulation has been changed to remedy the problem addressed in the complaint, the request for injunctive relief becomes moot. See Mosley v. Hairston, 920 F.2d 409, 414-15 (6th Cir.1990) (challenge to statute mooted when Congress changed the statute during the appeal).
 
 
 6
 Fowler also argues that the regulations concerning the receipt of pornographic material are vague and could be misinterpreted by mailroom personnel in the future. Fowler has no standing to challenge the new regulation. To establish standing, a plaintiff must have suffered an "injury in fact." A plaintiff must also be able to show that the injury is fairly traceable to the challenged action and is likely to be redressed by a favorable decision. Brunet v. City of Columbus, 1 F.3d 390, 396 (6th Cir.1993), cert. denied, 114 S.Ct. 1190 (1994). The injury must be concrete and particularized, not conjectural or hypothetical. Id. A plaintiff cannot simply allege possible injury at some indefinite future time. Id. Fowler's objection to the current regulation does not create a case or controversy; Fowler merely speculates that the new regulation could be misinterpreted by prison mailroom personnel.
 
 
 7
 Fowler also contends that prison officials should not be permitted to choose the vendors from which prisoners may obtain their soft cover publications. Such a contention was rejected in Ward v. Washtenaw County Sheriff's Dep't, 881 F.2d 325, 328-30 (6th Cir.1989). This argument is without merit.
 
 
 8
 Finally, we conclude that the district court did not abuse its discretion in denying Fowler the opportunity to argue his case orally and in declining to appoint him counsel. See Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir.1987).
 
 
 9
 Accordingly, we deny the requests for relief and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.